UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTOINE SHOCKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10-CV-889 CAS |
| | ) |
| VINCENT CARR, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to amend the complaint and in opposition to dismissal. The motion will be denied.

The Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e) by Order dated May 28, 2010 because it was duplicative of an earlier complaint that was dismissed as frivolous, and because each of the claims in the complaint failed to state a claim upon which relief can be granted. Plaintiff now seeks to amend the complaint by interlineation to bring his claims against defendants in their individual capacities.

Plaintiff's "right to amend as a matter of course ended with the entry of the judgment of dismissal." Fearon v. Henderson, 756 F.2d 267, 267 (2d Cir. 1985), *overruled on other grounds by* Campos v. LeFevre, 825 F.2d 671 (2d Cir. 1985); see United Steelworkers of America, AFL-CIO v. Mesker Bros. Industries, Inc., 457 F.2d 91, 93 (8th Cir. 1972).

The Court will not permit plaintiff to amend the complaint as requested because it would be futile to do so. First, the complaint is duplicative of an earlier-filed action that was dismissed under 28 U.S.C. § 1915(e), Shockley v. St. Louis Police Department, 4:09-CV-394 CAS (E.D. Mo.). As such, the complaint is dismissible. Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993). Second, the

facts alleged in the complaint occurred more than five years ago; so they are barred by the statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4) (2000). Third, the Court ordered plaintiff to pay an initial partial filing fee no later than June 28, 2010. Plaintiff has not paid the fee. So even if the Court were to allow plaintiff to file an amended complaint, the Court would dismiss this action for failure to prosecute under Rule 41. For each of these reasons, the Court will deny plaintiff's motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend the complaint and in opposition to dismissal is **DENIED**. [Doc. 6]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of July, 2010.